UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                        IN PROCEEDINGS UNDER CHAPTER 7

Roger Olston Kum,                             Case No. 09-30195-HJB

      Debtor(s)

**JP MORGAN CHASE BANK, NATIONAL ASSOCIATION
MOTION FOR <u>IN REM</u> RELIEF FROM AUTOMATIC STAY**

NOW COMES, **JP Morgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA (the "Savings Bank") from the Federal Deposit Insurance Corporation, acting as receiver for the Savings Bank pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d) its successors and/or assigns** ("Secured Creditor"), through its counsel, and hereby requests this Honorable Court grant **in rem** Relief from Automatic Stay.  The Secured Creditor is a secured creditor of the Debtor, **Rober Olston Kum aka Roger O. Kum** ("Debtor") holds a mortgage on the property located at **128 Benton Street, Springfield, MA** (the "Property").  The Secured Creditor hereby requests **in rem** relief from the automatic stay pursuant to 11 U.S.C. § 362(a) and (d)(1) & (2) and/or (4)(a)(B)  and Bankruptcy Rules 4001 (a) and Local Rule 4001-1.  In support of this Motion the Secured Creditor states as follows:

1. Rogert Olston Kum (the "Debtor") has filed **seven (7) Bankruptcy Petitions** just prior to foreclosure.

    a. On February 17, 2009, the Debtor filed his **seventh** Bankruptcy Petition, a Chapter 7 case no: 09-30195-HJB and a foreclosure sale was scheduled the same day.

    b.  On December 11, 2008, the Debtor filed his **sixth** Chapter 13 Bankruptcy case no. 08-31826-HJB, one day prior to a scheduled foreclosure sale.  The case was **dismissed** on December 30, 2008.

    c. On September 16, 2008, the Debtor filed his **fifth** Chapter 13 Bankruptcy Petition case no: 08-31341-HJB, and a foreclosure sale was scheduled for that day. This case was **dismissed** on October 3, 2008.

    d. On May 21, 2008, the Debtor filed his **fourth** Chapter 13 Bankruptcy Petition, case no. 08-30755-HJB and a foreclosure sale was scheduled for that day. This case was **dismissed** on June 27, 2008.

    e. On February 26, 2008, the Debtor filed his **third** Chapter 13 Bankruptcy, case no. 08-30245-HJB and a foreclosure sale was scheduled for that day. This case was **dismissed** on March 17, 2008.

    f. On October 10, 2007, the Debtor filed his **second** Chapter 13 Bankruptcy, case no. 07-30266-HJB and a foreclosure sale was scheduled for that day. This case was **dismissed** on December 6, 2007.

    g. On April 30, 2007, the Debtor filed his **first** Chapter 13 Bankruptcy, case no. 07-41599-HJB and a foreclosure sale was scheduled for that day. This case was **dismissed** on August 7, 2007.

2. On **July 25, 2006** the Debtors granted a mortgage to Long Beach Mortgage Company which became Washington Mutual Bank by operation of law which then became the Secured Creditor against the Property, which mortgage is recorded in the **Hampden County** Registry of Deeds in Book **16073,** Page **262.** (the "Mortgage") (Exhibit 1).

3. The Mortgage secures a promissory note in the original principal sum of **$128,000.00** dated **July 25, 2006** (the "Note") (Exhibit 2).

4. There is no other collateral securing the Note and Mortgage.

5. The Debtor's current monthly payment is **$1,362.90,** due on the 1st day of each month and if not received by the 15th of the month, a late charge of **$28.82** is incurred**.**

6. The Debtor is **Thirty (30)** payments in arrears from **September 2006 to February 2009,** the Debtor's arrearage is **$35,148.36**, which sum excludes costs and fees.

7. As a matter of record, there are the following other encumbrances against the Property:

   a. A second mortgage to Long Beach Mortgage Company dated July 25, 2006 in the original principal amount of **$32,000.00** and recorded in the aforesaid in Book 16073, Page 285.

   b. A Federal Tax Lien dated September 16, 2008 in the amount of **$9,414.61** and recorded in the aforesaid in Book 17484, Page 130.

   c. A Declaration of Homestead dated June 30, 2007 and recorded in the aforesaid in Book 16896, Page 184.

8. As of **February 19, 2009** the total amount owed the Secured Creditor is as follows:

   | | |
   |---|---:|
   | Principal | $ 128,000.00 |
   | Interest | $ 26,133.83 |
   | Escrow Advance | $ 8,535.21 |
   | Recording Fee | $ 75.00 |
   | Payoff Fee | $ 30.00 |
   | Accumulated Late charges | $ 112.16 |
   | Foreclosure Attorney Fees | $ 2,500.00 |
   | Foreclosure Costs | $ 14,210.59 |
   | Other Fees: Title, Insp. NSF | $ 1,817.90 |
   | Bankruptcy Fees/Costs | $ 800.00 |
   | TOTAL BALANCE OWED: | $ 182,214.69 |

9. It is upon information and belief there are no outstanding real estate taxes &/or municipal charges.

10. As of **February 20, 2009** the total owed against the Property is **$223,629.30.**

11. According to an opinion of value obtained by the Secured Creditor the fair market value of the Property is $145,000.00, using this value for purposes of this Motion only, the Secured Creditor asserts that the liquidation value of the Property at **$135,088.80**, calculated at the estimated fair market value less a reasonable realtor's

        fee of 6% ($8,700.00); deed stamps ($661.20) and costs incurred in a real estate closing ($550.00). (Exhibit 4).

12. The Secured Creditor contends that the Debtor's multiple filings, and by waiting to file their Bankruptcy Petitions just days prior to scheduled foreclosure, their failure to make any payments since **September 2006** are all part of a pattern and scheme to delay, hinder and defraud the Secured Creditor by filing multiple bankruptcy filings affecting the Property. 11 U.S.C. § 362(d)(4)(a)(B).

13. Section 362(d)(1) of the United States Bankruptcy Code provides that the Court may grant relief for cause. The term "cause" is not defined in the statute, but includes, among other things, consecutive filings of Bankruptcy Petitions used as a tool to halt an inevitable foreclosure. The Secured Creditor is owed payments from **September 2006 to February 2009 that is 3.5 years of living in a home without making mortgage payment**.

14. Based upon the above, the Secured Creditor, lacks adequate protection pursuant to 11 U.S.C. Section 362(d) (1) of the Bankruptcy Code as to the Property.

15. Based upon the above, the Property does not have sufficient equity in the Property pursuant to 11 U.S.C. Section 326(d)(2)(A) of the Bankruptcy Code.

16. The Property is not necessary for an effective reorganization pursuant to 11 U.S.C. Section 326(d)(2) (B) of the Bankruptcy Code.

17. The Property is a burden to the Debtor's estate after taking into consideration the maintenance, costs of insurance, utilities, real estate taxes and the Secured Creditor's security is diminishing due to the Debtor's failure to make payments.

WHEREFORE, the Secured Creditor hereby prays that this Honorable Court grant as follows:

1. Enter an Order granting the Secured Creditor, its successors and/or assigns, **in rem and/or** Relief from Automatic Stay and leave exercise its rights under the Mortgage against the property of the Debtor's by means of foreclosures, deed in lieu, summary process and/or eviction proceedings or any other means, all in accordance with applicable state and federal law;

2. Enter an Order requiring the Debtor to make adequate protection payments; and

3. Enter an order waiving the Ten (10) day stay of relief pursuant to Federal Rule 4001(a)(3); and

4. Such further and other deems relief as this Honorable Court deems just and proper.

>Respectfully Submitted
>For the Secured Creditor,
>By its Attorneys

Dated: February 24, 2009

>BY: /s/ Amy Lipman-White_____
>Amy Lipman-White BBO#559230
>Laura J. Adams BBO # 655370
>Stanton & Davis
>1000 Plain Street
>Marshfield, MA  02050
>(781) 834-9181
>alipmanwhite@stantondavis.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                IN PROCEEDINGS UNDER CHAPTER 7

Roger Olston Kum,                     Case No. 09-30195-HJB

       Debtor(s)

CERTIFICATE OF SERVICE

    I, Amy Lipman-White, Esq., hereby certify that I served the foregoing Motion for Relief from Automatic Stay, Exhibits, Proposed Order and Certificate of Service on February 24, 2009 by causing copies of the same to be sent via electronic mail and by regular mail, first class postage prepaid, to the following:

**Electronic Mail Notice List**

- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Steven Weiss    sweiss@ssfpc.com, sweiss@ecf.epiqsystems.com;alewkowicz@ssfpc.com

**Manual Notice List**

Roger Olston Kum
128 Benton Street
Springfield, MA 01109
Pro Se Debtor

Washington Mutual Bank
Moss Codilis, LLP @ WuMu
7255 Baymeadows Way
Mail Stop JAXA2035
Jacksonville, FL 32256
2nd Mortgagee

Tax Collector
City of Springfield
Municipal Building
36 Court Street
Springfield, MA 01103

IRS
PO Box 21126
Philadelphia PA 19114
Lienholder

City of Springfield
Code Enforcement Dept
Housing Division
1600 E. Columbus Avenue 1st Floor
Springfield, MA 01103

/s/ Amy Lipman-White
Amy Lipman-White, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                    IN PROCEEDINGS UNDER CHAPTER 7
Roger Olston Kum,         Case No. 09-30195-HJB
               Debtor(s)

## **ORDER**

       It is hereby ordered that the secured creditor, **JP Morgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA (the "Savings Bank") from the Federal Deposit Insurance Corporation, acting as receiver for the Savings Bank pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d) its successors and/or assigns** ("Secured Creditor"), Motion for **In Rem** Relief From Automatic Stay is hereby granted and that the Secured Creditor named herein may proceed pursuant to its mortgage as against the property located at **128 Benton Street, Springfield, Massachusetts**, as recorded in the **Hampden County** Registry of Deeds in Book **16073,** Page **262**, by means of foreclosure, deed in lieu, summary process and/or eviction proceedings or any other means thereafter necessary to obtain complete possession thereof, all pursuant to applicable state and federal law.

       It is hereby ordered that the foregoing relief shall be deemed **in rem** pursuant to 11 U.S.C. § 362(d)(4)(a)(B) as to the Subject Property such that no other bankruptcy case currently pending and/or subsequently filed by any person or entity shall stay the Secured Creditor from exercising or causing to be exercised its rights under the Note, Mortgage and Deed and any and all rights after the foreclosure sale, including without limitation, the right to commence and/or consummate foreclosure proceeding on the Subject Property and the right to take any and all actions necessary to obtain possession of the Subject Property.

       Dated:                                                                          
                                                                 Judge, Bankruptcy Court